CHRISTOPHER A. CROFTS
United States Attorney

NICHOLAS VASSALLO (Wyo. Bar 5-2443)
Assistant United States Attorney
District of Wyoming
Post Office Box 668
Cheyenne, Wyoming 82003
Telephone: (307) 772-2124
Nick.Vassallo@usdoj.gov

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

JOHN W. SITHER
(Pro Hac Vice Pending)
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-5484
John.Sither@usdoj.gov

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2016 DEC -2 AM 9: 43

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 16-CV-296-S |
| JIM'S WATER SERVICE, INC., | **COMPLAINT** |
| Defendant. | |

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this Complaint and alleges as follows:

## NATURE OF ACTION

1. This is a civil action pursuant to Section 7003 of the Solid Waste Disposal Act, as amended by the Resource Conservation and Recovery Act of 1976 ("RCRA"), 42 U.S.C. § 6973, for civil penalties and permanent injunctive relief brought against Jim's Water Service, Inc. ("Defendant") for failure to comply with the Initial Administrative Order, Docket No. RCRA-08-2008-0008, issued by EPA pursuant to RCRA Section 7003 to Defendant on July 31, 2008 (the "AO"), and abate an imminent and substantial endangerment, particularly to wildlife, associated with a commercial oilfield waste disposal facility.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 7003(a) of RCRA, 42 U.S.C. § 6973(a), and 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) & (c) because the Defendant's principal place of business is in this judicial district; the facility at issue is located in this judicial district; and the events or omissions giving rise to the violations at issue occurred in this judicial district.

## NOTICE TO STATE

4. Notice of the commencement of this action has been given to the State of Wyoming pursuant to Section 7003(a) of RCRA, 42 U.S.C. § 6973(a).

## DEFENDANT

5. Defendant is incorporated in Wyoming, with its headquarters and principal place of business in Gillette, Wyoming.

6. Defendant is a person within the meaning of Section 1004(15) of RCRA, 42 U.S.C. § 6903(15).

## GENERAL ALLEGATIONS

7. Defendant operates the Werner commercial oil waste disposal facility (the "Werner Disposal Facility" or "Facility") on Highway 59, in the NW Quarter of Section 28, Township 36 North, Range 70 West, some 23 miles north of Douglas, in Converse County.

8. The Facility was constructed and placed into service following the issuance of Permit No. 83-68RR by the Wyoming Department of Environmental Quality ("WDEQ") in 1983.

9. The Facility includes four 1000-barrel storage tanks, two skim pits and one evaporation pond.

10. The skim pits each have a surface area of approximately 12,000 square feet, a working depth of 7 feet, and have a capacity of approximately 7,000 bbls.

11. The evaporation pond has a surface area of 5.88 acres, a design depth of 7 feet, and a capacity of 37.2 acre-feet.

12. Defendant has accepted wastewater generated during oil and gas exploration and production activities, which is known as "produced water."

13. The produced water that Defendant has handled and disposed of at the Facility is a "solid waste" within the meaning of Section 1004(27) of RCRA, 42 U.S.C. § 6903(27).

14. Under normal operations, produced water is shipped to the Facility by truck and discharged into the skim pits. Oil residue contained in the produced water is supposed to separate from the water by gravity while stored in the skim pits.

15. Oil accumulates on the surface of the skim pits and is removed with a vacuum truck and stored in the storage tanks. The separated process water flows by gravity from the skim pits into the evaporation pond via a drain outlet, where it eventually evaporates.

16. By design, the skim pits are expected to have an oil-covered surface, and oil is not supposed to enter the evaporation pond.

17. The oil and oil residues stored at the Facility contain hazardous constituents including benzene, a known human carcinogen.

18. The terrain surrounding the Facility is open grassland and is habitat for migratory birds and other game and non-game animal species.

19. The oil and oil residues at the Facility can pose a danger to birds and other wildlife who may come into contact and become coated with the oily material, causing drowning, suffocation, freezing, or embryo mortality. Contact with the oil and oil residues may also lead to the ingestion of toxic substances by wildlife, causing illness.

20. In September 1994, the U.S. Fish and Wildlife Service ("USFWS") inspected the Werner Facility and found 22 bird carcasses at the site, including herons, ducks, and grebes, all covered with oil. The skim pits and evaporation pond all contained heavy oil on the surface.

21. In November 1994, after USFWS had notified Defendant that the Werner Facility posed a threat to wildlife, Defendant agreed to install protective netting over the skim pits and remove the oil from the evaporation pond.

22. Between 1998 and 2011, EPA, USFWS, WDEQ inspectors have individually and collectively made numerous visits to the Werner Facility. Conditions at the Facility were found to present a threat to the environment, especially to migratory birds, during the vast majority of these inspections.

23. EPA determined that conditions at the Werner Facility observed during these inspections may present an imminent and substantial endangerment to health or the environment. Accordingly, on July 31, 2008, EPA issued the AO in order to abate the imminent and substantial endangerment posed by the Facility. The AO required Defendant to repair the existing netting over the skim pits and to develop and implement a work plan to address the Facility's threats to the environment, especially to wildlife.

24. On August 7, 2008, Defendant submitted a Corrective Measures Work Plan and a revised Operations and Maintenance Plan for the Werner Facility. After several rounds of revision in response to EPA comments, these Plans were approved by EPA on December 4, 2008. Among other things, these Plans committed Defendant to:

  a. Maintain the netting above the skim pits in good condition at all times to prevent birds from landing on the oil-covered surface;

  b. Eliminate any contact by wildlife with oily surfaces at the evaporation pond by removing oil from the water surface and shoreline, and in case of spills, removing the oil without delay;

  c. Clean and revamp the drain outlets leading from the skim pits to the evaporation pond to prevent the release of oil to the evaporation pond; and

  d. Provide EPA with weekly summaries of Defendant's own inspection of

the Facility ("Weekly Reports") reporting such information as bird mortalities, oil observed on the evaporation pond or shorelines, and the condition of the netting over the skim pits.

30. On various occasions from 1998 to the present, EPA, USFWS, and WDEQ have notified Defendant of the operations and maintenance deficiencies and wildlife mortalities observed at the Facility during their Inspections, in violation of the AO.

**FIRST CLAIM FOR RELIEF**
(RCRA Section 7003(a), 42 U.S.C. § 6973(a))

31. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. Section 7003(a) of RCRA, 42 U.S.C. § 6973(a), provides in pertinent part:

[U]pon receipt of evidence that the past or present handling, storage, treatment, transportation or disposal of any solid waste or hazardous waste may present an imminent and substantial endangerment to health or the environment, the Administrator may bring suit . . . against any person (including any past or present generator, past or present transporter, or past or present owner or operator of a treatment, storage, or disposal facility) who has contributed or is contributing to such handling, storage, treatment, transportation, or disposal to restrain such person . . . [or] to order such person to take such other action as may be necessary, or both. . . . The Administrator may also, after notice to the affected State, take other action under this section including, but not limited to, issuing such orders as may be necessary to protect public health and the environment.

42 U.S.C. § 6973(a).

33. Section 7003(b) of RCRA, 42 U.S.C. § 6973(b), provides in pertinent part:

Any person who willfully violates, or fails or refuses to comply with, any order of the Administrator under subsection (a) of this section may, in an action brought. . . to enforce such order, be fined not more than $5,000 for each day in which such violation occurs or such failure to comply continues.

42 U.S.C. § 6973(b).

34. Defendant has contributed to or is contributing to the past or present handling and disposal of solid waste at the Facility within the meaning of Section 7003(a) of RCRA, 42 U.S.C.

§ 6973(a).

35. Defendant's past or present handling and disposal of solid waste at the Facility may present an imminent and substantial endangerment to health or the environment within the meaning of Section 7003(a) of RCRA, 42 U.S.C. § 6973(a).

36. As shown by the results of the EPA, USFWS, and WDEQ inspections of the Werner Facility on September 21, 2010, and August 15 and October 5, 2011, Defendant has willfully violated, or failed or refused to comply with, the AO issued by EPA pursuant to Section 7003(a) of RCRA, 42 U.S.C. § 6973(a).

37. Pursuant to Section 7003 of RCRA, 42 U.S.C. § 6973, the United States is entitled to an injunction ordering Defendant to comply with the AO issued by EPA.

**SECOND CLAIM FOR RELIEF**
(RCRA Section 7003(a), 42 U.S.C. § 6973(a))

38. Paragraphs 1 through 37 of this Complaint are incorporated herein by reference.

39. Pursuant to Section 7003(a) of RCRA, 42 U.S.C. § 6973(a), the United States is entitled to an injunction ordering Defendant to take all measures necessary to eliminate the imminent and substantial endangerment which may be present at the Facility, including all measures set forth in the AO issued by EPA.

40. The injunction should also order Defendant to perform one or more wildlife habitat restoration projects to mitigate the harms to wildlife caused by Defendant's past handling and disposal of solid waste at the Facility.

**THIRD CLAIM FOR RELIEF**
(RCRA Section 7003(b) 42 U.S.C. § 6973(b))

41. Paragraphs 1 through 40 of this Complaint are incorporated herein by reference.

42. Defendant has willfully violated, or failed or refused to comply with, the AO issued by EPA pursuant to Section 7003(a) of RCRA, 42 U.S.C. § 6973(a).

43. Pursuant to Section 7003(b) of RCRA, 42 U.S.C. § 6973(b), and 40 C.F.R. § 19.4 (authorized by 42 U.S.C. § 7413(b) and 28 U.S.C. § 2461), Defendant is liable for civil penalties for each day of violation of the AO.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

A. Order Defendant to comply fully with the AO, including the completion of all measures set forth in the AO and the 2008 Corrective Measures Work Plan to fully and permanently abate the threats to wildlife posed by oil and oily residues in and around the evaporation pond and elsewhere at the Werner Facility;

B. Permanently restrain Defendant from handling or disposing solid waste at the Facility in such a way as may present an imminent and substantial endangerment to health or the environment;

C. Order Defendant to perform wildlife habitat restoration project(s) to mitigate the harms to wildlife caused by Defendant's past handling and disposal of solid waste at the Facility;

D. Enter judgment in favor of the United States against Defendant for an appropriate civil penalty; and

E. Order such other and further relief as this Court deems appropriate.

Respectfully submitted,

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division

By: _John W. Sither_
JOHN W. SITHER
(Pro Hac Vice Pending)
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-5484
John.Sither@usdoj.gov

CHRISTOPHER A. CROFTS
United States Attorney

By: _Nicholas Vassallo_  12/2/16
NICHOLAS VASSALLO (Wyo. Bar 5-2443)
Assistant United States Attorney
District of Wyoming
Post Office Box 668
Cheyenne, Wyoming 82003
Telephone: (307) 772-2124
Nick.Vassallo@usdoj.gov